IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AF HOLDINGS LLC, | | |
| | Plaintiff, | No. 2:12-cv-2207 KJM DAD |
| | vs. | |
| JOHN DOE, | | <u>ORDER</u> |
| | Defendant. | |
| _____/ | | |

      Presently before the court is plaintiff's ex parte application for leave to take expedited discovery. Having reviewed the papers in support of the application and the motion, the court concludes that the requested expedited discovery is appropriate.

BACKGROUND

      In this action, filed August 24, 2012, plaintiff alleges copyright infringement, negligence and contributory infringement of the adult entertainment video, "Sexual Obsession" ("Video") against a single defendant, identified in plaintiff's complaint as "John Doe." In the course of monitoring Internet-based infringement of its copyrighted content, plaintiff's agents allegedly observed unlawful reproduction and distribution of the Video via the Bit Torrent file transfer protocol by John Doe. Although plaintiff does not know the actual name of John Doe, plaintiff's agents have identified John Doe by an IP address, 76.103.65.116, and the date and

1  time of the alleged unlawful activity. (Compl. (Doc. No. 1) at 1-2, 7-9.)

2    According to plaintiff, only the Internet Service Provider ("ISP") who issued the
3  IP address connected with the unauthorized activity has the ability to identify the Doe defendant.
4  Plaintiff asserts that it has identified Comcast Cable Communications LLC as the ISP who issued
5  the IP address connected with the unauthorized activity. Plaintiff contends that ISPs only keep
6  the identifying information for a limited period of time, for as little as months or even weeks
7  before potentially permanently erasing the information. Thus, plaintiff seeks an order granting
8  expedited discovery to serve a Rule 45 subpoena on Comcast Cable Communications LLC to
9  determine the identity of the Doe defendant, thereby permitting plaintiff to amend its complaint
10 to state the true name of defendant and serve defendant with process. (Ex Parte Motion (Doc.
11 No. 7) at 1-12.)

12                                    DISCUSSION

13    Generally, Rule 26(d) of the Federal Rules of Civil Procedure provides that "[a]
14 party may not seek discovery from any source before the parties have conferred as required by
15 Rule 26(f), except . . . when authorized by these rules, by stipulation, or *by court order*." Fed. R.
16 Civ. P. 26(d) (emphasis added). Courts apply a "good cause" standard in considering motions to
17 expedite discovery. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal.
18 2002) ("Semitool"). "Good cause may be found where the need for expedited discovery, in
19 consideration of the administration of justice, outweighs the prejudice to the responding party."
20 Id.

21    Good cause for expedited discovery is frequently found in cases involving claims
22 of infringement and unfair competition or in cases where the plaintiff seeks a preliminary
23 injunction. Id.; Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liability Co., 204 F.R.D. 675,
24 676 (D. Colo. 2002). Moreover, in unpublished opinions several District Courts in California,
25 applying the test in Semitool, have found good cause to allow expedited discovery to ascertain
26 the identity of a Doe defendant in copyright infringement actions. See, e.g., AF Holdings LLC v.

Doe, Civ. No. S-12-1078 GEB GGH, 2012 WL 1610185 (E.D. Cal. May 8, 2012); First Time Videos, LLC v. Doe, No. CIV S-12-621 GEB EFB, 2012 WL 1355725 (E.D. Cal. Apr. 18, 2012); UMG Recordings, Inc. v. Doe, No. C-08-3999 RMW, 2008 WL 4104207 (N.D. Cal. Sept. 4, 2008); Arista Records LLC v. Does 1-43, Civil No. 07cv2357-LAB (POR), 2007 WL 4538697 (S.D. Cal. Dec. 20, 2007). But see Hard Drive Productions, Inc. v. Does 1-90, No. C 11-03825 HRL, 2012 WL 1094653, at *7 (N.D. Cal. Mar. 30, 2012) ("[T]he court will not assist a plaintiff who seems to have no desire to actually litigate but instead seems to be using the courts to pursue an extrajudicial business plan against possible infringers (and innocent others caught up in the ISP net).")[1]

In Arista Records LLC, the plaintiffs alleged that unidentified defendants had used an online media distribution system to download and distribute plaintiffs' copyrighted works to the public without permission. 2007 WL 4538697, at *1. Because the plaintiffs were only able to identify each defendant by a unique internet protocol address assigned to that defendant, plaintiffs filed an ex parte application seeking leave to serve immediate discovery on a third-party ISP to identify the Doe defendants' true identities. Id. The court found good cause to allow expedited discovery based on the plaintiffs' prima facie showing of infringement, the risk that the ISP would not long preserve the information sought, the narrow tailoring of the requests to the minimum amount of information needed to identify the defendants without prejudicing their

---

[1] The undersigned shares many of the concerns expressed by Magistrate Judge Lloyd in his order denying the application for leave to take expedited discovery in Hard Drive Productions, Inc. v. Does 1-90. It is apparent that the number of actions filed in the District Courts such as this one, alleging copyright infringement, negligence and contributory infringement of adult entertainment videos accompanied by a motion seeking leave to conduct expedited discovery, are growing rapidly. So much so, that both the trend and the abusive nature of many such actions is now attracting media attention. See Bill Torpy, *Bit Torrent's Popularity Leads to Mass Copyright Litigation*, The Atlanta Journal-Constitution, July 11, 2012. While the sample size of such actions coming before the undersigned is currently somewhat small, that appears to be changing. If it were to become apparent that the filing of such actions is motivated solely for the purpose of making calculated settlement demands on individuals whether or not they engaged in the conduct alleged, the undersigned's view of future requests for expedited discovery in such actions is likely to change.

1  rights, and the fact that the expedited discovery would substantially contribute to moving the case
2  forward.  Id.  The court further noted that, without such discovery, plaintiffs could not identify
3  the Doe defendants and would not be able to pursue their lawsuit to protect their copyrighted
4  works from infringement.  Id.

5          Here, plaintiff has similarly demonstrated its need for expedited discovery.
6  Plaintiff obviously cannot conduct a Rule 26(f) conference with an unidentified defendant and
7  will need to conduct pre-conference discovery to ascertain the identity of the Doe defendant,
8  amend its complaint, and move the case forward.  There does not appear to be any other way for
9  plaintiff to identify the defendant and pursue the lawsuit to protect its copyrighted Video.  Given
10 that plaintiff has identified the defendant by the IP address assigned by his or her ISP, it seems
11 likely that the requested discovery will identify the unknown defendant.  Furthermore, there is
12 some need for exigency given the risk that the information sought may be inadvertently destroyed
13 by Comcast Cable Communications LLC in the ordinary course of business.

14         The need for expedited discovery must of course be balanced against the prejudice
15 to the responding party.  Semitool, 208 F.R.D. at 276.  In this case, the responding party is the
16 ISP.[2]  It is unclear what prejudice the ISP would suffer if ordered to produce the information
17 plaintiff requests.  It would not seem to be excessively burdensome for the identified ISP to
18 provide the information sought here.

19         There is also little risk of prejudice to the Doe defendant in this case.[3]  "Expedited
20 discovery may be inappropriate where defendants are required to unwarily incriminate
21 themselves before they have a chance to review the facts of the case and to retain counsel."  Pod-

---

23  [2] Plaintiff's proposed order also seeks authorization to take expedited discovery on "any
24  other entity identified as a provider of Internet services to John Doe in response to a subpoena or as a result of ongoing BitTorrent activity monitoring . . ."  (Doc. No. 7-3 at 1-2.)  This court finds that, at the present time, plaintiff has not shown good cause for granting of such an expansive
25  request.  Accordingly, that request will be denied without prejudice.

26  [3] But see fn. 1, supra.

Ners, LLC, 204 F.R.D. at 676 (citations omitted). However, the expedited discovery requested here is narrowly tailored and only seeks the minimum amount of information needed to identify the potential defendant—his or her name, address, telephone number, and e-mail address.[4] Because the proposed discovery relates only to identifying and contact information, and does not seek early admissions, answers to interrogatories, or depositions during which defendant may "unwarily" incriminate themselves, concerns of undue prejudice are not present here.

CONCLUSION

In sum, good cause exists for expedited discovery in this matter, because plaintiff's need for the discovery outweighs any prejudice to the ISP or the unidentified potential defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 1, 2012 ex parte application for leave to take expedited discovery (Doc. No. 7) is granted in part and denied in part.

2. Plaintiff may immediately serve a Rule 45 subpoena on Comcast Cable Communications LLC to obtain the following information about the subscriber (Doe defendant) corresponding to the IP address 76.103.65.116: *name, address, telephone number, and e-mail address*. A copy of this order shall be attached to the subpoena.

3. Comcast Cable Communications LLC, in turn, shall serve a copy of the subpoena and a copy of this order upon its relevant subscriber within 30 days from the date of service upon them. Comcast Cable Communications LLC may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

---

[4] Plaintiff also seeks to subpoena the Doe defendant's Media Access Control address. Plaintiff, however, does not address the relevance of the Media Access Control address or how it will aid plaintiff in discovering the Doe defendant's identity. In this regard, the court finds that plaintiff has not shown good cause for the granting of the subpoena request. Accordingly, plaintiff's request for an order authorizing plaintiff to subpoena the Media Access Control address of the Doe defendant will be denied without prejudice.

      4.  The subscriber and Comcast Communications LLC shall each have 30 days from the respective dates of service upon them to file any motions contesting the subpoena (including a motion to quash or modify the subpoena).  If that period elapses without the filing of a contesting motion, Comcast Communications LLC shall have 14 days thereafter to produce the information responsive to the subpoena to plaintiff.

      5.  Comcast Communications LLC shall preserve any subpoenaed information pending the production of the information to plaintiff or the resolution of any timely-filed motion contesting the subpoena.

      6.  Comcast Communications LLC shall confer with plaintiff before assessing any charge in advance of providing the information requested in the subpoena.

      7.  Any information disclosed to plaintiff in response to a Rule 45 subpoena may not be used for any improper purpose and may only be used for protecting plaintiff's rights as set forth in the First Amended Complaint.

      8.  Plaintiff's request for an order authorizing plaintiff to serve subpoenas on any other entity identified as a provider of internet service to John Doe is denied without prejudice.

      9.  Plaintiff's request for an order authorizing plaintiff to subpoena the Media Access Control address of the Doe defendant is denied without prejudice.

DATED: December 17, 2012.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDAD:6
Ddad1/orders.civil/afholdings2207.expdisc.ord